IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS R. RODELLA, §<br>  #78448-051, §<br>       MOVANT, §<br> §<br>v. §<br> §<br>MARTHA UNDERWOOD, WARDEN, §<br>       RESPONDENT. § | CIVIL CASE NO. 3:19-CV-747-S-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was referred to the United States magistrate judge for case management, including findings and a recommended disposition. As detailed here, Petitioner Thomas R. Rodella's *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**I.    BACKGROUND**

Rodella, the former sheriff of Rio Arriba County, New Mexico, was convicted by a jury of depriving a person of his constitutional right to be free of unreasonable force and seizure and of brandishing a firearm during the offense, and was sentenced to 121 months' imprisonment. *United States v. Rodella*, No. 1:14-cr-02783-JB (D.N.M. 2015), *aff'd*, 804 F.3d 1317 (10th Cir. 2015), *cert. denied*, 137 S. Ct. 37 (2016). On March 25, 2019, Rodella filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the sentencing court. The following day, he filed the instant *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his conviction on some of the same grounds pled in the Section 2255 motion.

Doc. 2 at 2. Specifically, he asserts that he was denied (1) a valid jury verdict, (2) a meaningful appeal, and (3) the right to defend himself due to the ineffective assistance of trial counsel. Doc. 2 at 5-6. Rodella also avers that "28 U.S.C. § 2255 is unconstitutional as a remedy for the ineffective assistance of counsel" because he is not entitled to appointed counsel in a collateral proceeding. Doc. 2 at 6. Most recently, in his *Motion for Certification of Constitutional Challenge Pursuant to Federal Rules of Civil Procedure, Rule 5.1(b)*, Rodella challenges the constitutionality of Section 2255 and seeks to certify the constitutional question under 28 U.S.C. § 2403. Doc. 5 at 1-2. However, after evaluating the substance of his claims, the Court concludes they are not properly brought under Section 2241, and his petition should be dismissed.

## II. ANALYSIS

A Section 2255 motion to vacate sentence provides the primary means of "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (per curiam) (internal quotations and citations omitted). A Section 2241 petition, on the other hand, is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Id.* However, a petition filed under Section 2241 is not a substitute for a Section 2255 motion. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam).

A Section 2241 petition that seeks to challenge the validity of a federal sentence, by challenging errors that occurred at trial or sentencing, must either be dismissed or construed as a section 2255 motion. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). But a federal prisoner "may bring a petition under § 2241 to challenge the legality of his conviction or

sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States,* 243 F.3d 893, 900-01 (5th Cir. 2001)). Under the "savings clause" of Section 2255, the petitioner bears the burden of showing that the Section 2255 remedy is inadequate or ineffective to test the legality of his detention. *Christopher*, 342 F.3d at 382. To do so, he must show that (1) his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) his claims were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena,* 243 F.3d at 904.[1]

To the extent Rodella seeks to invoke the savings clause, he plainly fails to show the inadequacy or ineffectiveness of the Section 2255 remedy. Because his Section 2255 motion is currently pending in the sentencing court, Rodella cannot demonstrate that the claims he now raises were foreclosed by circuit law at the time he filed his Section 2255 motion. *See Reyes-Requena,* 243 F.3d at 904; *Ghali v. Roy*, 378 F. App'x 462, 463 (5th Cir. 2010) (per curiam) (affirming dismissal of Section 2241 petition because pending Section 2255 motion prevented petitioner from showing that his claims fell within the savings clause). He also cannot rely on

---

[1] The so-called "savings clause" provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*." 28 U.S.C. § 2255(e) (emphasis added).

Because Rodella is incarcerated within the Northern District of Texas, this Court has jurisdiction to determine whether he may proceed under section 2241. *See Padilla,* 416 F.3d at 426 ("Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255.").

Section 2241 merely because he supposes that he cannot seek relief under Section 2255. *Cf. Pack*, 218 F.3d 448, 453 (prior, unsuccessful Section 2255 motion, limitations bar, and successiveness do not render Section 2255 remedy inadequate or ineffective). Consequently, the Court is without jurisdiction to consider Rodella's petition. *See Christopher*, 342 F.3d at 379.

### III.   CONCLUSION

For the foregoing reasons, Rodella's petition for writ of habeas corpus under 28 U.S.C. § 2241 should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** on May 2, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).